---------o---------

JULIANA GRADALPH, Defendant in Error, *v.* HENRY C. FINK, Plaintiff in Error.

1. *Practice, civil — Testimony — Supreme Court.*—In law cases this court will not weigh conflicting testimony.

### *Error to First District Court.*

*Burke & Owens*, and *Geo. F. White*, for plaintiff in error.

*Geo. F. Miller*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action originally brought before a justice of the peace for the recovery of specific personal property. Upon a trial before the justice the plaintiff had judgment, and on appeal to the Circuit Court judgment again was rendered for the plaintiff. The case was then taken to the District Court, where the judgment of the Circuit Court was reversed.

The first ground taken by the defendant's counsel is that the property sued for exceeded in value the jurisdiction of the justice of the peace, and therefore the suit should have been dismissed. But the complaint filed alleged an amount greatly less than the

Gradalph v. Fink.

jurisdiction, and some witnesses swore that it was not worth more than the averment alleged. It is true, there was other testimony showing that it was of greater value, and the court gave an instruction on the subject, telling the jury that if they found the property in question exceeding in value the jurisdiction of the justice, they should find for the defendant. The jury returned a verdict for the plaintiff, and found the value of the property to be within the jurisdiction. This verdict is conclusive upon us, and is also well sustained by the evidence. It is simply preposterous to suppose that we will attempt to weigh the evidence, and say that the witnesses for the defendant are entitled to any greater credit than those for the plaintiff, when we know none of them and have no means of judging of their credibility. The whole question was one of fact, exclusively for the jury, and this has been so often determined that I am surprised that it is again pressed in this court.

It is objected that the verdict is bad. It is unquestionably to some extent defective. The action was to recover some wheat and oats. The evidence shows that the oats were really in the possession of the defendant, and the jury found in favor of the plaintiff for the wheat, and said nothing about the oats. No objection was made against the verdict at the time, and surely the defendant can not allege that he was injured by it.

There is some doubt as to whether the proper action was brought for the maintenance of the plaintiff's rights in the wheat, but no point was made upon it in the court below, either by plea or by motion in arrest; and as justice was substantially subserved by the proceeding, and nothing but a litigious spirit could have prompted the bringing of this case here, the judgment of the District Court will be reversed and that of the Circuit Court affirmed. The other judges concur.